UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOEY DEAN CLARK, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0233 AS |
| | ) | |
| JOHN R. VANNATTA, | ) | |
| Superintendent, | ) | |
| | ) | |
| Respondent | ) | |

### *MEMORANDUM OPINION AND ORDER*

On or about April 19, 2005, *pro se* petitioner, Joey Dean Clark, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254.  The Response filed on behalf of the respondent by the Attorney General of Indiana on June 23, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana.  At the time of the filing of this petition he was incarcerated in the MCF in this district.  He was the subject of a prisoner disciplinary proceeding, was sanctioned to 180 days credit time deprivation and demoted from credit class I to credit class II.  Those events implicate *Wolff v. McDonnell*, 418 U.S. 539 (1974).

The Attorney General has placed before this Court a series of documents designated A through I, both inclusive, which explicate in great detail the proceedings involved.  The proceedings had were in and around December 2004 designated as MCF 04-11-0519.  There has been compliance here with the procedural demands of *Wolff*, and the evidence here is

sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). Generally, the so-called ADP procedures are state law. *See Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997). Specifically, there has been no violation of the due process clause of the Fourteenth Amendment of the Constitution of the United States, and this court is not bottoming any decision on harmless error.

The subject of so-called physical evidence is covered in this court by its opinion in *Hays v. McBride*, 965 F. Supp. 1186 (N. D. Ind. 1997). As far as this court knows, there is no constitutional right that would preclude the presentation of hearsay evidence in a CAB proceeding. For all of this reasons, the petitioner has presented no basis here for relief under 28 U.S.C. §2254. Such relief is now **DENIED. IT IS SO ORDERED**.

**DATED:** August 2, 2005

                                              **S/ ALLEN SHARP**
                                              **ALLEN SHARP, JUDGE**
                                              **UNITED STATES DISTRICT COURT**